# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Marquise O'Bryan Drummond, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Harold W. Clarke, )<br>    Respondent. ) | 1:17cv712 (CMH/MSN) |

## MEMORANDUM OPINION

Marquise O'Bryan Drummond, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a conviction entered in the Circuit Court of Accomack County. Case No. 13CR079-01 and -02. Before the Court is the respondent's Motion to Dismiss the petition.

### I. Background

On February 13, 2014, following a bench trial, Drummond was convicted of one count each of possession of ammunition by a felon and possession with intent to distribute cocaine. On June 26, 2014, he was sentenced to an aggregate sentence of twenty (20) years in prison with fourteen (14) years suspended. Drummond appealed the judgment to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain the convictions. The petition for appeal was denied on March 26, 2015. Drummond v. Commonwealth, R. No. 1352-14-1 (Va. Ct. App. Mar. 26, 2015). The Supreme Court of Virginia refused a petition for further review on November 2, 2015. Drummond v. Commonwealth, R. No. 150622 (Va. Nov. 2, 2015).

On September 16, 2016, Drummond filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, alleging that he received ineffective assistance of trial and appellate counsel for several reasons. The petition was dismissed on May 30, 2017. Drummond

v. Clarke, R. No. 161342 (Va. May 30, 2017); Dkt. No. 12, Ex. 1.

Drummond then turned to the federal forum and timely filed this petition for relief pursuant to § 2254 on June 13, 2017, reiterating the same claims he exhausted in his state habeas corpus proceeding. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). Specifically, Drummond argues that he is entitled to § 2254 for the following reasons:

1. He received ineffective assistance of trial counsel when his lawyer failed to make vital pretrial investigations.

2. He received ineffective assistance of trial counsel because his lawyer failed to make an adequate and timely motion for pretrial discovery of all exculpatory evidence.

3. He was denied effective assistance of trial counsel when his attorney failed to object to "inculpatory statements" made by non-testifying witnesses that violated the Confrontation Clause.

4. The prosecutor committed misconduct by allowing the Commonwealth's chief witness to testify falsely.

5. The prosecutor committed misconduct by failing to disclose exculpatory evidence.

6. His right to due process was violated when the trial court permitted the prosecution to withhold exculpatory evidence.

7. He received ineffective assistance of appellate counsel; when his attorney failed to argue that the trial court erred by refusing to compel the prosecutor to disclose the surveillance tape and to make the confidential informants available for cross-examination.

On October 10, 2017, respondent filed a Rule 5 Answer and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 10 - 13] Petitioner subsequently filed a traverse. [Doc. No. 16] Accordingly, this matter is ripe for disposition.

## II. Procedural Default

Three of the claims raised in this petition are procedurally defaulted. When Drummond first raised claims 4 (suborning of perjury by the prosecutor and failure to allow Drummond an opportunity to interview the confidential informants), 5 (prosecution's failure to disclose exculpatory evidence) and 6 (errors with respect to the confidential informants and surveillance tape) in his petition for a state writ of habeas corpus, the Supreme Court of Virginia determined pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), that these non-jurisdictional issues could have been raised at trial and on direct appeal and therefore were not cognizable in a habeas proceeding. Drummond v. Clarke, R. No. 161342, slip op. at 6 - 7.

On federal habeas corpus review, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of Claims 4 through 6 of this petition also precludes federal review of those claims.[1]

---

[1] The Supreme Court of Virginia denied one portion of Claim 6 on the merits; that argument will be addressed infra in the "Analysis" section of this Memorandum Opinion.

3

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 262 (1989). In his Traverse to the Motion to Dismiss [Dkt. No. 16], Drummond does not contest that he has procedurally defaulted Claims 4, 5 and most of 6, nor does he attempt to make a showing of cause and prejudice to excuse his defaults. Accordingly, Claims 4, 5 and most of 6 are procedurally barred from federal review.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, the federal court may not grant the petition based on that claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of those standards of review. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state

prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. __, 134 S.Ct. 10, 16 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In his first three claims, Drummond contends that his trial counsel provided ineffective assistance for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must

"presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In portions of Claims 1 and 2, Drummond contends that trial counsel provided ineffective assistance by failing to make vital pretrial investigations which would have revealed that the search warrant for his residence was obtained on false pretenses. In a portion of Claim 2, Drummond makes the related claim that trial counsel's representation was ineffective because he failed to make an adequate and timely motion for pretrial discovery of all exculpatory evidence. The Supreme Court of Virginia found these arguments to be without merit for the following reasons:

> In portions of claims (1) and (2), petitioner contends he was denied
> effective assistance of counsel when trial counsel failed to conduct a
> reasonable pre-trial investigation. Petitioner contends Deputy Glen
> Bailey obtained a search warrant for petitioner's residence at 17284
> Ross Lane by falsely telling the magistrate he had a "surveillance

6

tape" showing petitioner involved in a drug transaction with "Confidential Informant 2." Petitioner contends he told counsel the tape could not exist because petitioner "was never involved in such a transaction." Had counsel investigated or attempted to compel disclosure of the tape, he would have discovered there was no surveillance tape and counsel could have challenged the affidavit supporting the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978) at the suppression hearing. Counsel also could have impeached Deputy Bailey at trial.

The Court holds these portions of claims (1) and (2) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the transcript of the suppression hearing and trial, the affidavit of Deputy Bailey, and the affidavit in support of the search warrant, demonstrates Deputy Bailey obtained a search warrant for petitioner's residence based upon an affidavit in which Deputy Bailey averred two confidential informants told him petitioner routinely sold cocaine from the residence. Confidential Informant I ("CI 1") had recently seen large quantities of cocaine in the residence and Bailey had used Confidential Informant 2 ("CI 2") to conduct a controlled purchase of crack cocaine from petitioner at the residence within the past 72 hours. Deputy Bailey averred that the transaction had been video and audio recorded and that a field test conducted on the purchased substance indicated the substance was cocaine. Bailey averred both informants had proven reliable in the past. Bailey explained during the suppression hearing that the magistrate had asked him to elaborate on the details of the transaction and the deputy had explained he had driven CI 2 to petitioner's residence, equipped him with a recording device, and provided him with money to make the purchase. Deputy Bailey admitted at the hearing that the sole basis for his knowledge that the petitioner had been the individual selling the drugs was that CI 2 had told him the petitioner was the seller. In his affidavit submitted to this Court, Bailey further acknowledges the recording of the transaction does not show petitioner's face, although it does show details of the transaction. Bailey reiterates he relied on CI 2's report that petitioner was the individual who sold drugs to him.

Petitioner was present and alone when police executed the search warrant at 17284 Ross Lane. They discovered six ounces of cocaine in three different areas of the house next to items of petitioner's personal property, ammunition on top of a dresser in the bedroom, and a notebook containing petitioner's name with entries consistent with the consignment sale of narcotics. In addition, officers found

> cocaine in the car petitioner drove to the house.
>
> Counsel explains in his affidavit that he did not attempt to obtain a copy of the recording of the transaction or challenge the search warrant on the grounds that Deputy Bailey was lying and that the transaction never occurred because counsel did not believe such a challenge would be successful. Under the circumstances, this decision was reasonable. Given the abundance of evidence in front of counsel that petitioner had been selling drugs from his home, counsel could reasonably have discounted petitioner's claim that the surveillance tape could not exist because petitioner "was never involved in such a transaction." Thus, it was reasonable for counsel not to challenge the facts set forth in the search warrant affidavit, but to argue, as counsel did, that the facts did not establish probable cause for the magistrate to have issued the warrant. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 1- 3.

It is well settled in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. A considered choice regarding the use of defenses is one such strategic choice, and it consequently is entitled to a "strong presumption" that it amounted to reasonable professional assistance. Cardwell v. Netherland, 971 F.Supp. 997, 1019 (E.D. Va. 1997); Strickland, 466 U.S. at 689. Because counsel in this case was faced with an "abundance of evidence" that Drummond was selling drugs from his home, the foregoing determination by the Supreme Court of Virginia that counsel provided effective assistance by making a strategic choice to challenge the legal validity of the search warrant rather than the existence of the surveillance tape was a reasonable application of this clearly established federal law. Gray, 529 F.3d at 229. In addition, the

8

Court's decision was based on a reasonable determination of the facts.[2] Accordingly, that determination cannot be disturbed here. Williams, 529 U.S. at 412-13.

In additional portions of his first three claims, Drummond argues that counsel's failure to interview the confidential informants prior to trial and to move to compel their appearances at trial amounted to ineffective assistance. The Supreme Court of Virginia disagreed, as follows:

> In additional portions of claims (1) and (2) and a portion of claim (3), petitioner contends he was denied effective assistance of counsel when trial counsel failed to interview the confidential informants before trial or to move the trial court to compel their appearance for interviews and trial. Petitioner contends the confidential informants would have provided "potentially exculpatory testimony," which would have aided counsel in "exposing if rewards were offered to both Confidential Informants 1 & 2 in the course of having Petitioner indicted" and would have allowed counsel to discredit the testimony of Deputy Bailey. Petitioner contends the confidential informants were "trying to escape convictions, by providing [] tips on anyone." Petitioner does not articulate what information he believes the confidential informants would have provided that would have impeached Deputy Bailey.
>
> The Court holds these portions of claims (1), (2) and (3) satisfy neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The Supreme Court has held: "[w]hat is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers

---

[2]Appended as an exhibit to the response to petitioner's application for a state writ of habeas corpus is the affidavit of petitioner's counsel, Allan Zaleski. In it, Mr. Zaleski attests that he did not move to obtain a copy of the videotape of the transaction which formed the basis of the search warrant because he "did not believe that a challenge to the search warrant in which [he] accused Investigator Bailey of lying about the transaction would be successful. Instead [he] moved to suppress on other grounds. Moreover, [he] believed that our strongest defense to the charge was to challenge the sufficiency of the evidence to prove that Mr. Drummond was guilty. Consequently, [he] focused on that issue." Drummond v. Clarke, R. No. 161342, Motion to Dismiss, Ex. 1.

In his Traverse, petitioner mischaracterizes this affidavit as an admission that "defense counsel's trial strategy was to be ineffective." [DE 16 at 7] Instead, the affidavit explains counsel's reasoned strategic decision to base the defense on a challenge to the sufficiency of the evidence rather than on an accusation that Deputy Bailey lied to obtain the search warrant.

charged with enforcement of the law." Roviaro v. United States, 353 U.S. 53, 39 (1957). Limitations exist on the privilege, thus "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must give way." Id. at 60-61. However, disclosure is generally not required "where the issue is preliminarily one of probable cause" to support an arrest or a search made in reliance on facts supplied by an informer officers have reason to trust." McCray v. Illinois, 386 U.S. 300, 311-14 (1967) (upholding practice of Illinois courts where disclosure of informant's identity was not required if trial judge convinced by evidence officers relied in good faith on credible information supplied by reliable informant). See also Lanier v. Commonwealth, 10 Va. App. 541, 552, 394 S.E.2d 495, 502 (1990) (trial court did not abuse its discretion in denying disclosure motion where affidavit in support of search warrant included information provided to officer by informant, basis for informant's knowledge, description of officer's relationship to informant, and officer's reasons for believing informant was credible).

The record, including the transcript of the suppression hearing and trial, the affidavit of Deputy Bailey, the affidavit of counsel, and the affidavit in support of the search warrant, demonstrates Deputy Bailey obtained a search warrant for petitioner's residence based on the information he received from two known reliable informants who had recently seen drugs in petitioner's residence and based on his own observations made when he took one of the informants to petitioner's residence to make a controlled purchase of crack cocaine. Petitioner was subsequently convicted based on the evidence recovered from his residence when the search warrant was executed. Under the circumstances, counsel could reasonably have determined the record adequately demonstrated Deputy Bailey relied in good faith on credible information supplied by reliable informants, the identity of the informants would not have been helpful or relevant to petitioner's defense at trial, and any motion to obtain the informants' identities would therefore have been futile. Furthermore, petitioner has not proffered the substance of any statements the confidential informants would have made at interviews or at trial other than to say whether or not they were compensated for their services, which petitioner has not established would have been helpful to his defense at trial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 3 - 4.

The Supreme Court of Virginia's foregoing holding was a reasonable application of the Strickland principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." Lenz v. True, 370 F.Supp.2d 446, 479 (W.D. Va. 2005). A petitioner cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does not meet his burden to demonstrate that counsel's performance was ineffective. See Makdessi v. Watson, 682 F. Supp. 2d 633, 654 (E.D. Va. 2010). Because the Supreme Court of Virginia's holding was factually reasonable and in accord with these controlling federal principles, its determination may not be disturbed here. Williams, 529 U.S. at 412-13.

Drummond also asserts as part of Claim 2 that his counsel provided ineffective assistance by refusing adequately to contest the prosecutor's misconduct in sanctioning concealment of the surveillance tape, which he asserts was a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963). [Dkt. No. 3 at 5-6] The Supreme Court of Virginia disagreed for the following reason:

> The Court holds this portion of claim (2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcript of the suppression hearing and trial, the affidavit of Deputy Bailey, the affidavit of counsel, and the affidavit in support of the search warrant, demonstrates the surveillance tape was not concealed but that counsel reasonably determined not to request a copy of it. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors,

11

the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 4. Because this determination was based on a reasonable determination of the facts, as discussed in connection with Claim 1 above, and was in accord with Strickland, supra, the same result must be reached here. Williams, 529 U.S. at 412-13.

In the final portion of Claim 2, Drummond argues that he received ineffective assistance when counsel failed to compel discovery of "prior statements made and written by" Deputy Bailey. [Dkt. No. 3 at 7] He contends that had counsel done so, defense counsel could have impeached Bailey's credibility and the court would have been compelled to dismiss the indictments. The Supreme Court of Virginia rejected this argument on the following holding:

> The Court holds this portion of claim (2) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner fails to proffer any prior statements made by Deputy Bailey, to articulate the substance of such statements, or even to state the basis for his belief that such statements exist. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 5. As discussed above, federal precedent holds that a failure to proffer the substance of allegedly missing statements and to supply an affidavit verifying the proffer is fatal to a claim that its absence was the result of ineffective assistance. Makdessi, 682 F. Supp. 2d at 654. Accordingly, the Virginia Supreme Court's rejection of this argument was consistent with that authority, and also was based on a reasonable determination of the facts. As such, it may not be disturbed. Williams, 529 U.S. at 412-13.

In Claim 3, Drummond argues that he received ineffective assistance of counsel when his attorney failed to raise a Confrontation Clause objection to Deputy Bailey testifying at the suppression hearing and during trial to statements made by the confidential informants. The

Supreme Court of Virginia rejected this contention on the following holding:

> The Court holds this portion of claim (3) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcript of the suppression hearing and trial, the affidavit of Deputy Bailey, the affidavit of counsel, and the affidavit in support of the search warrant, demonstrates Deputy Bailey's testimony regarding statements made to him by confidential informants was offered at a suppression hearing to prove to the trial court that police had probable cause to obtain a warrant to search petitioner's residence. The Supreme Court has expressly rejected the argument that the Sixth Amendment right to confrontation is violated when the prosecution fails to produce an informant to testify at a pretrial suppression hearing, and officers testifying as to the basis for probable cause are permitted to testify as to what the informer told them. See McCray, 386 U.S. at 313-14 (quoting Cooper v. California, 386 U.S. 58, 62 n. 2 (1967)) ("Petitioner also presents the contention here that he was unconstitutionally deprived of the right to confront a witness against him, because the state did not produce the informant to testify against him. This contention we consider absolutely devoid of merit.") Additionally, Deputy Bailey offered no testimony at petitioner's trial respecting the informant's statement. Under the circumstances, counsel could reasonably have determined a confrontation clause objection would have been meritless. See Correll v. Commonwealth, 232 Va. 454, 469-70, 352 S.E.2d 352, 361 (1987). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 5 - 6.

For the reasons which it clearly articulates, the foregoing holding by the Supreme Court of Virginia was both factually reasonable and consistent with the federal authorities upon which it expressly relied. The same result consequently is compelled here. Williams, 529 U.S. at 412-13.

In the portion of Claim 6 that was not procedurally defaulted in the state forum, Drummond argues that appellate counsel provided ineffective assistance by not assigning as error the trial court's failures to supervise discovery and to compel the prosecution to disclose the

identities of the confidential informants. The Supreme Court of Virginia dismissed this claim on the following holding:

> The Court holds this portion of claim (6) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner has not identified any rulings by the trial court regarding discovery or disclosures of the identities of the confidential informants that counsel could have raised on appeal. Moreover, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 7.

As the Virginia court recognized, the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). Because "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), appellate counsel is not required to assert every conceivable claim on appeal, and counsel's choice of which appellate issues to pursue is virtually unassailable. Jones, 463 U.S. at 751-52. Here, there has been no showing that appellate counsel's representation satisfies either prong of the Strickland analysis. Accordingly, the Supreme Court of Virginia's rejection of this portion of Claim 6 was factually reasonable and in accord with applicable federal principles, Strickland, supra, and that same result must be reached here. Williams, 529 U.S. at 412-13.

In Claim 7, Drummond argues first that he received ineffective assistance of appellate counsel when the trial court's failure to compel the prosecutor to disclose the surveillance tape and make the confidential informants available for cross-examination was not assigned as error. The Supreme Court of Virginia found no merit to this contention, as follows:

14

> The Court holds this portion of claim (7) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner has not identified any rulings by the trial court regarding disclosure of the surveillance tape or securing the presence of the confidential informants at trial that counsel could have raised on appeal. Moreover, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones, 463 U.S. at 751-52. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 7.

In another portion of Claim 7, Drummond asserts that he received ineffective appellate representation when counsel failed to argue that the trial court erred by permitting the prosecutor to introduce inculpatory statements made by non-testifying witnesses who were available to testify. Again, the Supreme Court of Virginia rejected this assertion on the following holding:

> The Court holds this portion of claim (7) satisfies neither the "performance" nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner has not identified any rulings by the trial court permitting the prosecutor to introduce inculpatory statements against petitioner by non-testifying witnesses that counsel could have raised on appeal. Moreover, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Id. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Drummond v. Clarke, supra, slip op. at 8.

As to both of these portions of Claim 7, the Virginia court's analyses comported with the settled federal principles that appellate counsel is not obliged to assert every conceivable claim on appeal, and that the choice of which issues to pursue is a strategic decision within counsel's purview. Jones, 463 U.S. at 751-52. As petitioner made no showing that his appellate counsel's

15

representation satisfied either prong of the Strickland analysis, the rejection of both portions of Claim 7 by the Virginia court was factually reasonable and in accord with applicable federal principles, and that same result is compelled here. Williams, 529 U.S. at 412-13.

Lastly, it is noted that Drummond includes an argument in his Traverse that he should receive an evidentiary hearing in this matter. [Dkt. No. 16 at 8-9] This position is misplaced. The Supreme Court held in Cullen v. Pinholster, 563 U.S. 170 (2011) that "[i]f a claim has been adjudicated on the merits in a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Thus, "[i]n such a circumstance, any evidentiary hearing in federal court is unwarranted, as new evidence adduced during such a hearing could not be considered in making the determination under § 2254(d)(1)." Williams v. Stanley, 581 Fed. App'x 295, 296 (4th Cir. Aug. 20, 2014). Accordingly, petitioner's request for a federal evidentiary hearing is without merit.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition for habeas corpus relief must be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 23rd day of Feb 2018.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia